Cowell *v.* Oxford.

[MAY TERM, 1798.]

COWELL *against* OXFORD, Executor.

Before a legatee can sue an executor for a legacy, a refunding bond must be filed, even though the accounts of the executor are settled, and a sufficiency of assets appears.

Advantage must be taken of the non-filing of the refunding bond, by a plea in abatement.

This was an action of debt, to recover the amount of a legacy, which had been bequeathed to the plaintiff, by the testator of the defendant.

*Johnson*, for defendant, obtained a rule to shew cause, why the suit should not be quashed, on the ground that no refunding bonds had been filed previous to the commencement of the suit, as is required by the act of assembly of March 11th, 1774. *Allinson*, 442.

*Johnson.* By the 3d section of the act in question, it is enacted, " that no suit shall be maintained for any legacy or bequest, until reasonable demand made of the executor

or executors, who ought to pay the same, and an offer made of two sufficient securities, who shall become bound in double the sum of said legacies, that if any part or the whole shall appear to be wanting to discharge any debt or debts, &c., he shall refund," " otherwise the process shall abate."

*Leake,* contra. The fact is admitted, that no refunding bonds were filed previous to the commencement of the suit, but it is contended, that under a liberal construction of the act, they were unnecessary. The object of the law was to provide a security to the executor, who might be called upon to pay legacies before the amount of the debts and claims could be ascertained. But in this case the accounts of the executor have already been legally settled, the debts and legacies are ascertained, and a sufficiency of assets appears. The offer of a refunding bond would have been wholly nugatory, and ought not to be insisted on.

KINSEY, C. J. This case seems to turn on these two questions—1. Whether a refunding bond ought to have been filed previous to the institution of this suit?

2. Whether, if the omission to file the bond be fatal, it can be taken advantage of by a motion to quash the proceedings?

On the first of these questions I can entertain no doubt, but that under the act of assembly, refunding bonds ought to be filed previous to the commencement of an action for a legacy.

I cannot think that the epithet, rigorous, is properly applied to this provision of the legislature. It is an equitable provision, calculated and designed to secure an executor against debts of the existence of which he may be ignorant, and by which he might be involved in difficulty; neither can I see the propriety of the distinction, which it has been attempted to draw between an estate, the accounts of which

have been settled before the Orphans' Court, and one that has not. A settlement of this kind is not conclusive; it will not discharge an executor from the claims of a creditor of the estate, nor will it make any difference in the legal appropriation of the assets. I am therefore of opinion, that the case is clearly within the language and spirit of the act, and that it was essential to a recovery in this action, that a refunding bond should have been tendered.

2. Is it proper to take advantage of this defect by motion?

The section of the law upon which this entire case depends, says, that a bond of this kind shall be tendered, and if refused by the executor, filed in court, or the suit shall *abate*. This word which has been selected by the legislature, implies, as I understand it, that the defect may be pleaded in abatement; it is the only mode in which it can properly be brought before the court; the fact may be denied, and if so, it is necessary that an issue should be tried, which can only be done upon a plea.

This right to insist upon the refunding bond, is vested in the executor for his security, and may be waived by him. If he omits to plead the defect, he may be considered as waiving it, and the court cannot be called upon to determine the fact upon motion. I am of opinion, therefore, that the rule be discharged.

SMITH, J. KIRKPATRICK, J. and BOUDINOT, J. concurred.

Rule discharged.

The plaintiff then offered to file the bond which had been prepared, which was done with the consent of the defendant.